CHARLES JONES, Assignee, &c., Respondent, *v.* JEREMIAH
        MILBANK and others, Appellants.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

An assignee in bankruptcy may recover assets which the bankrupt has
    fraudulently concealed from his creditors, although the application for
    discharge was granted after opposition on the ground of the same fraud-
    ulent concealment.
The proceedings on application for the bankrupt's discharge are, it seems,
    conclusive only in that proceeding.

THIS was an appeal by the defendants from an order sus-
taining a demurrer to their answer to the plaintiff's com-
plaint.

The plaintiff set forth facts showing his title to the estate
of the defendant Isaac L. Hewitt as assignee in bankruptcy,
and then averred that Hewitt had been doing business in
New York as a partner in several firms, one of which still
existed and was composed of the defendants.

That Milbank, one of the defendants, was ostensibly a
special partner in such firm, but that his ostensible interest
was in fact the property of Hewitt, and that Milbank's name
was in fact used to cover up and conceal the interest of
Hewitt in the firm. That the interest of Hewitt in the firm
amounted to the value of $35,000, and the complaints prayed
judgment for the sum of $35,000, an account of the profits
of the firm, and a decree against them for the profits belong-
ing to Hewitt.

The defendants answered, setting up that the action was
not brought by the plaintiff of his own motion, but upon the
instigation of certain creditors of Hewitt; also the proceed-
ings in bankruptcy under which Hewitt was declared bank-
rupt. And they further alleged that the creditors mentioned
had filed proof of their claims, and also, on behalf of them-
selves and other creditors, objections to a discharge of Hewitt,
which objections were the same as were set up by the plain-
tiff as a ground of the relief asked in his complaint, and

that the issues thereon were duly tried, and the matters, in respect thereto, fully investigated, and all of them decided in favor of Hewitt, and a full discharge in bankruptcy granted thereupon. To their answer, the plaintiff demurred, for a failure to state facts constituting a defence.

*W. W. Niles,* for the appellant.

*Smith & Cole,* for the respondents.

Present—GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. The facts pleaded in the answer are no bar. This appears from the terms of the bankrupt act as well as from the nature and object of the system created by it.

The plaintiff was not and could not be a party to the proceeding in the District Court, nor was he in any sort of privity with the bankrupt. But if he could be deemed a privy in estate, his title accrued at the very commencement of the proceedings in bankruptcy (§ 14), which, of course, was long before the proceeding to oppose the discharge was had. There would, therefore, be no estoppel, for the principle of estoppel has no application except where the conveyance is made, after the event out of which the estoppel arises. (*Campbell* v. *Hall,* 16 N. Y. R., 575, and cases cited.)

The title to property transferred by the bankrupt, in fraud of his creditors, is, in express terms (§ 14), at once vested in the assignee in virtue of the adjudication in bankruptcy and the appointment of his assignee, and the latter is authorized to sue for and recover the same; and whether the creditors, who oppose the bankrupt's discharge, succeed or fail, the property which may be received or recovered by the assignee remains vested in him, and distribution thereof is to be made among the creditors. (§§ 27, 28.)

The proceeding to oppose the discharge seems to be conclusive only in that proceeding. If the determination is in

favor of the bankrupt, he gets his discharge. But any creditor may afterward, and within two years, apply to the court to annul it on the same grounds on which it had been opposed, or others, and if the fraud be established, the court is required to set aside and annul the discharge, unless the creditors so applying had knowledge of such fraud before the discharge was granted. (§ 34.) The statute also provides (§ 29) that the discharge itself shall not be valid if the bankrupt has made any fraudulent disposition of his property, or done any of the acts which the statute denounces, thus leaving the discharge open to attack in any court wherever set up as a bar.

It is unnecessary to pursue the subject further; the judgment below was clearly right and should be affirmed, with costs, with leave to the defendants to amend on payment of costs.

Judgment affirmed.